The VA, by regulation, provides for a specific set of legal standards for establishing a deemed valid marriage when there is an impediment or a defect in a valid marriage under two provisions of VA regulations at 3.205A and 3.205C. In this case, the Board reviewed the validity of the marriage only under 3.205A and 3.205C and did not consider whether or not the marriage was deemed valid under 3.205C, which requires consideration of whether or not the requirements of 3.52 were met. In this case, the Veterans Court relieved the Board of its obligation to determine whether or not the remaining requirements for a deemed valid marriage had been met under the provisions of 3.205A1 and 3.205C. In this case, the Board that there was insufficient proof of a common law marriage under A6 to establish the common law marriage between Mr. Castorio and Ms. Lafortune. The provisions of A6 are premised upon the jurisdiction involved, in this case the state of Maine, accepting common law marriage. The state of Maine, as acknowledged by the Board in its decision at page 204 of the appendix, recognized that common law marriages were not recognized by the state of Maine. That rendered any attempt to establish the validity of a common law marriage a nullity because she could not meet the requirements under A6 because that jurisdiction did not accept common law marriages. The Board found that Ms. Castorio and Ms. Lafortune never entered into a valid civil or ceremonial marriage. That is not the legal standard under 2.05. There is, in fact, no language in the statute or in the regulation that makes reference to a civil or ceremonial marriage. The question under 2.05A is whether or not there is proof of a marriage. 2.05B... Well, on appendix page 202, the Board decision says the Board found that the evidence is the reconsideration. The Board found that the evidence of record did not establish either a ceremonial marriage or a deemed valid common law marriage. That's correct, Your Honor, and they did that without making an analysis under 2.05C, and that issue was brought to the Veterans Court, and the Veterans Court said... Well, could you tell us what is the evidence for proof of marriage in this case? It's the marriage certificate, right? It's the marriage certificate at page 45 of the record. And I understood the Board's decision in saying that marriage certificate, in its view, was not credible under the circumstances, and so that is why it concluded that there wasn't proof of a civil, ceremonial, or common law marriage. That's correct, Your Honor. So if the underlying piece of evidence that you're relying on is deemed to be not credible, I don't know why we even need to engage in this debate over the meaning of various portions of the text of the regulation. Well, because we submit under the proper interpretation of 3.205A, there is no requirement for a credibility assessment as to whether or not there is or is not a certificate. Okay, so I guess hypothetically, if somebody submitted a forged marriage certificate or a plain-on-its-face defective marriage certificate, the VA, under the regulations, under your view, the regulations must accept that. No, Your Honor, because I think that's a different issue as to whether or not you can establish that this was a forged document. There was no challenge to whether or not this document did or did not, or excuse me, did not represent what Ms. LaFortune said was the marriage ceremony that she went through with Mr. Castorio. Well, let's assume for the moment the Board concluded it doubted the veracity of this certificate, that it was actually created back in 2004, that this event that the certificate attests to actually occurred. Let's just assume for the moment that that was the Board's finding. Is this case over? No, Your Honor, because I don't believe that that is a criteria, that that is a 3.205A. There is no requirement for the Board to make that type of... Is your position that once the veteran or the surviving spouse submits evidence that facially complies with one of these criteria, that the VA is not entitled to weigh whether it's true or not? Correct. All that is required is an offer of proof. This particular section of the regulation is entitled proof of marriage. The claimant comes forward and offers her reason... So your answer to Judge Chen's hypothetical is, yes, even if the person completely fraudulently forges a marriage certificate, if on its face it looks credible, the VA can't go behind that? Yes. One of the problems is, even if all of that is true, and that would really be quite a stretch, but even if that were correct, you don't actually comply. Your client did not and do some sort of totality. Well, we got half of this one and part of that one. We got a letter from the clergyman, but not an affidavit. We have a marriage certificate, but it doesn't say the place of the marriage like the regulation requires. You have half of this and a quarter of that, and you want to mush them together. So you don't actually comply, do you, with any of 3.205A's Which section do you think you comply with? A1. Which says that the copy of the record, the church record, must articulate the date and place of marriage, and you've admitted that it does not acknowledge the place of marriage on the certificate anywhere. No, it does not. Well, it... The certificate itself does not acknowledge the place of marriage, and that's what this says it has. A copy of the church record containing sufficient data to identify the party, the date, and the place of the marriage, and you've admitted that your certificate does not comply with this. Does not comply with the date or place, or excuse me, the place. It does have the date. It says that on the 6th of June... So you don't meet 3.205A1. You don't. So even if facially meeting it would satisfy, your client doesn't facially meet it. That is not an analysis that was made by the Board or by the Veterans Court. The entire analysis was made under A6 based upon common law marriage. Now, I agree with the Court that that could be a problem on remand if they said that the absence of the place of the marriage was not complied with by the live testimony of the woman who performed the ceremony. But there was live testimony of the woman who performed the ceremony who is also a signatory to that marriage certificate. We believe that there was substantial compliance with the proof of marriage. The defect was that this marriage was not valid as a common law marriage because common law marriages are not recognized in the state of Maine. The then question becomes whether or not there is an obligation under 205C to make a deemed marriage analysis. The Veterans Court said that there was no obligation on the part of the Board to make that deemed valid marriage analysis under 205 or 3.52. And that's because the Board found, as a matter of fact, that there was no marriage, common law or otherwise, based upon evidence in the VA's own files. That's correct, Your Honor, and that is a valid marriage. We contend that the provisions of 205 contemplate an invalid or an unsuccessful attempt at a valid marriage. But it still requires, if you're going under a common law marriage theory, that the couple hold themselves out as married. In the evidence in record, you can shake your head at me all you want, but let me finish. The evidence to establish a common law marriage, whether it's permissible in that jurisdiction or not, requires the couple to hold themselves out as married. He did not. It's uncontradicted in the VA's files that he said he wasn't married. He was divorced. He never agreed that he was married during the treatment time. So if they had been held out as married and it just wasn't permissible under the state, you might have an argument. But with respect, Your Honor, that is in response to a common law marriage. And whether or not the requirements for the common law marriage are met, we stipulate that the common law marriage requirements are not met. So you're going under A-1 now, then? Yes. The problem is, for you under A-1, there's still no evidence in the VA's files that he agreed that he was married. And they're entitled to make the determination whether he was married or not. And the board found he wasn't. But, Your Honor, an examination of the text of 205C shows that the entire analysis is to be made from the perspective not of the veteran, but from the perspective of the claimant, whether or not the claimant believed. And there is evidence in this record that there was an attempted marriage that occurred more than one year before the veteran died. There is evidence that she entered into that. We're back to your point that the claimant's proof is incontestable. Not that the claimant's proof is incontestable, but I believe that it is incontestable as to the offer of proof of marriage. However, then, in order to qualify for a deemed valid marriage, you must make the 205C analysis. Otherwise, you're writing 205C out of the regulatory scheme. The way you conditionally said incontestable. I mean, either the VA gets to inspect the marriage certificate to try to figure out whether it's true for the matter it's asserted for or not. Can the VA evaluate the veracity, credibility of the submitted marriage certificate? To the extent of whether or not it does or does not represent a valid marriage. If it does not represent a valid marriage, then you must go to 205C to determine whether or not the offer of proof. The board looked at it and said, it doesn't indicate the location of where this took place. It doesn't indicate that there were any witnesses to this event. This was only submitted after the initial application was denied. Even though, under the duty to assist, she was specifically requested to submit something and she didn't submit this. And then the board further said, OK, there were inconsistent statements by the person that performed the ceremony. And then on top of all that, we have a veteran who consistently for several years continued to assert to the VA that he was single the whole time. He was never married during that relevant period. So are you telling me that it was wrong for the board to reach all of those findings, make all those observations, and reaching a conclusion that the marriage certificate was not credible? As it relates to the validity of a valid marriage based upon that certificate, I agree with that. That then triggers the requirement to look to whether or not the proof of marriage proffered can be considered a deemed valid marriage if the requirements of 205C are met. I don't know what those words mean. I mean, to me, there was one critical piece of evidence your client had. It was the marriage certificate. Yes. The board looked at it and gave five different reasons for blowing it up. So now you don't have any evidence that's credible to support the claim. Now what is the board supposed to do? Still give the fees? Still give the money to your client? No. The board is required, as requested in the briefing below, to make an analysis under 205C. What analysis is left to do? To determine— The one loan proffered proof of marriage has now been discredited and pushed to the side. What's left for the board to do under the regulations? Because all that is required under that regulation is whether or not that is proof of a marriage. It is proof of a marriage. It is not proof of a valid marriage, but it is proof of a marriage. 205C then requires an analysis from the claimant's point of view— But what if the board said that it's not proof of a marriage? When the board said this is not credible? I don't believe that that's what they said. They made several credibility determinations, but I do not believe that they said that this— Okay, if they did say that, then is the case over? Yes. Okay. When you said to me that— I'm sorry, I'm not sure that I mean categorically that the case is over, because I still believe that 205C requires a separate analysis from the claimant's point of view. 205C is all calculated from the claimant's point of view, based upon what the claimant understood to have been a valid marriage. I'm sorry. When you told me that maybe on remand, they could reject the certificate because it didn't identify a place of marriage, but they hadn't done so? Didn't they do expressly that on page 204 and 205? On page 204 and 205, they explained that there was never a valid civil or ceremonial marriage. Then they go through the document. They indicate the document was not signed by two witnesses, and that the location of the ceremony is not provided on the document. 204 and 205, didn't they make those expressed fact findings as the exact basis why they rejected the certificate of marriage, which she identified as satisfying the civil slash ceremonial marriage requirement of 205A? So I don't see why I would vacate remand to have them make the fact findings they expressly made on this record already. I'm sorry, Your Honor. I'm not finding the spot about the date of the marriage. Appendix page 204? And 205. Carrying over onto 205, and where they say the location of the ceremony was not provided. Oh, it was not. They're talking about on the certificate. I see it now. Okay. Okay, Mr. Carpenter. We will restore two minutes of rebuttal time. Let's hear from the government. Ms. Choi, please proceed. May it please the court. Ms. LaFortune asserts that the Veterans Court did not accept her 2004 marriage certificate, and thus, because the Veterans Court did not accept her 2004 marriage certificate as conclusive proof of a marriage that should be deemed valid, the Veterans Court misinterpreted the law. As a first matter, this court does not have jurisdiction to entertain this appeal because Ms. LaFortune is essentially challenging the Veterans Court's factual determination that no marriage existed between she and the veteran, Mr. Castoro, that would qualify her as a surviving spouse entitled to receive veterans benefits. The determination of whether a marriage existed is a question of fact that the Veterans Court reviewed for clear error. Having found no clear error in the board's findings that no common law or ceremonial marriage existed, the Veterans Court affirmed the board's decision. Now, Ms. LaFortune contends that she satisfied the correct legal standard under 3.205A1 that the Veterans Court was required to accept the 2004 marriage certificate as conclusive proof of marriage because it constitutes a church record under 3.205A1. Do you agree with Mr. Carpenter's assertion that if one of the criteria under 3.205A is satisfied, that ends the inquiry, it is dispositive, and that the government is not entitled to sort of make a subsequent credibility determination about whether or not this really satisfies proof of marriage? No, that position is incorrect. The board and the Veterans Court is entitled to, as an inherent fact finder, look behind the evidence and see whether or not it weighs the evidence such that it satisfies whether or not a marriage existed, and it did so in this case. It determined that the marriage certificate was not credible. The timing of when the certificate was submitted, it was not submitted with her original application. It was only submitted after her claim for benefits was denied. The officiant on the marriage certificate was ordained through an internet site. The Veterans Court also considered the fact that the only witnesses named on the certificate was Ms. LaFortune's and purportedly the veteran. Again, the fact of the marriage could not be authenticated when the VA attempted to through the state of Maine and through Biddesford, the city of Biddesford, and also, most importantly, the veteran's own statements, consistent statements in contemporaneous documents included in forms signed and submitted by the veteran in 1993, 1996, and 2001, as well as VA treatment and exam notes from 1999 and 2004, where the veteran reported that he was not married and that he was divorced or living with friends. And based on the review of the evidence that it had before it, it considered that that information from the veteran was substantially more persuasive than the information that Ms. LaFortune had submitted. In fact, if you look at the pertinent statute and regulations, they substantiate and support the VA's role as fact finder. Now, Ms. LaFortune would want the court to simply look at 38 CFR 3.205A and then jump to 3.205C, but we see that 3.205B is the provision related to a valid marriage, and it states in the absence of conflicting information, proof of marriage may be accepted as establishing a valid marriage. Is 3.205B a different circumstance than what's being evaluated in 3.205C? 3.205B, as I understood it, was trying to figure out whether there was a valid marriage, perhaps because there was a prior earlier marriage, whereas 3.205C is not about trying to figure out a valid marriage, but it's trying to figure out whether something can be a deemed valid marriage. Yes, Your Honor, 3.205C is very limited. So I guess what I'm trying to figure out is why are you referencing a separate category, 3.205B, valid marriages, and the fact that the VA can expressly consider conflicting information in that circumstance, when what we're really trying to figure out here is a 3.205C deemed valid marriage. It's a different category. And so therefore, 3.205B, to me, doesn't seem to actually apply and be relevant to the analysis of a 3.205 deemed valid marriage inquiry. I referenced 3.205B simply to substantiate the notion that the VA is entitled to weigh evidence and review conflicting information. In a valid marriage circumstance, because the regulation expressly says it. And then the regulation for 3.205C doesn't say it. And so I'm trying to figure out whether there's some kind of inference there that maybe for 3.205B, valid marriage inquiries, of course, you have to consider conflicting evidence. The regulation says that. 3.205C, the neighboring subsection of this regulation, says nothing about considering conflicting information. So I'm trying to figure out whether there's an inference there that I should take away from that. Sure, but if you look at this regulation in conjunction with the statute that's pertinent, as Ms. LaFortune cites, to 38 U.S.C. 103 A and C as the statutory provisions relating to marriages pertinent to this claim, you'll see there that the evidence that's submitted must be satisfactory to the Secretary in order to establish a purported marriage to be deemed valid. So when you take that statute in conjunction with a full reading of 38 CFR section 3.205, we see that the VA is entitled to weigh evidence and to consider information behind the evidence that's proffered by the claimant or the appellant. Can you think of a reason why in 3.205B, that part of the regulation talks about weighing conflicting information for valid marriages, but in 3.205C, that for deemed valid marriages, it doesn't bother to mention that conflicting information ought to be assessed? 3.205C is very limited in scope and pertains only to when we are going to accept the appellant's position that she had no knowledge of an impediment to the marriage. 3.205C in and of itself does not establish whether or not a marriage should be deemed valid. So again, that provision is very limited in scope. We see where a surviving spouse has submitted proof of marriage in accordance with paragraph A of this section. Then we look at, okay, did she know about the legal impediment? And if not, then we will accept her position. I understand, but I think that Judge Chen's point is that section B gives the government the ability to weigh the proof offered under A with any conflicting information and come to a conclusion. About whether it believes there was a marriage. C takes out that conflicting information weighing and just says, if there's evidence under A and she meets the section 3.52 and she says that she had no knowledge of the impediment, done. So it's almost as though a valid marriage allows for weighing of evidence and a deemed valid marriage has to accept on its face what is proffered if it meets the criteria under 3.205A. When your Honor says done, we would challenge what that done means. That done in the scope of 3.205C would mean that we will accept the claimant's position that she had no knowledge of the impediment. And we will accept that as proof of that fact. Let me modify the facts. Suppose that her certificate in this case satisfied 3.205A1 perfectly and completely. There was no deficiency. Or suppose that she had an affidavit from the officiant which would satisfy 3.205A3. Neither of which were met here. The board made fact findings. But suppose those had, in fact, been completely satisfied. And doesn't that mean that she satisfied the requirements of C? 3.205C? She has satisfied the requirements of 3.205C to show that she did not have knowledge of the legal impediment and that we will accept her representation as such. No, it says more than that. Where a surviving spouse has submitted proof of marriage in accordance with paragraph A, which she would have successfully done if she had surrendered a marriage certificate that included the date and the place of her marriage. She did not. But if she had, then she would have met this first clause. She would be a surviving spouse who submitted proof of a marriage in accordance with A. And also meets the requirements of 3.52. She would meet those requirements as well. There's no question she meets those requirements. And had no knowledge. She would have... There are three criteria in C and she would have met all of them. Right. But then if we read further, it says, in the absence of information to the contrary, as proof of that fact. That fact. And we would... What do you think that language refers to? That fact refers to... Whether she had knowledge of the impediment. Whether or not she had knowledge of the legal impediment. Okay. Not whether or not she is able to establish a deemed valid marriage. Because again, if you take this in conjunction with the statute that relates... I don't see how this helps you. I think this only hurts you. That section says we're going to take contrary information into account in assessing whether she had knowledge of the impediment. But it doesn't say we're going to allow conflicting information with regard to her proof of marriage. But when taken in conjunction with the VA's inherent role as a fact finder and turning again to 38 U.S.C. 103, where it states that the evidence must be satisfactory to the secretary in order to establish a purported marriage to be deemed valid, you can't skip over some other analysis as to what other contradictory evidence might be in the record. And certainly the board here... Hasn't the secretary articulated in this regulation what would be the criteria for what would satisfy the secretary pursuant to the statute? Isn't the regulation due exactly that? The regulation in 3.205A sets forth examples of types of evidence that it will accept. But as we... Not just accept. It says marriage is established by one of the following types of evidence. But here, even when Ms. LaFortune relies on 38A1, she does not facially meet the requirements or criteria in A1 because the certificate of marriage that she has proffered at Appendix 45 does not state the location of marriage. Is it possible that 3.205B for valid marriage inquiries talks about the possibility of conflicting information because that subsection of the rule is already contemplating a possible battle of the marriages where there's two different people claiming to be married to a veteran and therefore 3.205B is recognizing the possibility of instances where there's going to be conflicting information where there's a party protesting someone else's assertion of being married to a veteran. And that's why it's talking about conflicting information in that instance. Yes, certainly. And B, it does reference that dissolution of a prior marriage must be shown before marriage can be accepted as valid. You, in your red brief, I think you cited an opinion, Madden versus Gober. Yes, Your Honor. That opinion, this court said VA always has an inherent authority to weigh evidence that's submitted and evaluate the strength of evidence that's being submitted and not simply blindly accept whatever is submitted for the truth of the matter is asserted. Yes, Your Honor. And here, they looked very carefully at the marriage certificate in and of itself and found it not to be credible because of the several factors that the Veterans Court set forth at Appendix 9. Taken in conjunction with the veterans' own statements throughout the course of several years, 93, 96, 2001, 1999, and 2004, the Veterans Court and the board found that that evidence was significantly more persuasive than anything that Ms. LaFortune had proffered and therefore did not find that a marriage existed ceremonial, civil, common law, or otherwise. If there are no further questions, we respectfully ask that the court dismiss this appeal for lack of jurisdiction. But if the court does seek to address the merits of this appeal, we ask that the court affirm the Veterans Court's decision. Okay, thank you, Ms. Choi. Mr. Carpenter, you have two minutes of rebuttal. Your Honor, I have read the bottom of page 204 going on to 205, and it appears to me that this is addressing the question of only the validity of the ceremonial marriage, not the offer of proof of the marriage certificate, and that it does not speak to the marriage certificate as contemplated under A-1. It does refer to that lack of location, but it does not make specific reference to this analysis of the facts being under A-1. It seems to me that the validity of the marriage is an issue in B, in subsection B of 205, when there is a contest. The question of validity of marriage under A is not an issue. The term valid is not used there, merely that that is proof or proffer or offer of proof, which if accepted under A, is the end of the matter. If it is not accepted under A, then the question in this case is whether or not Ms. LaFortune was entitled to the benefit of consideration and analysis of whether or not the marriage was deemed valid under 205-C. Unless there's further questions from the panel, I thank you for your attention. Okay, thank you. The case is taken under submission. I thank both counsel. Our next case